IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANGELA WOIRHAYE,<br><br>Plaintiff,<br><br>vs.<br><br>VITAMIN COTTAGE NATURAL FOODS MARKETS, INC.,<br><br>Defendant. | CV 22–200–M–DWM<br><br><br>ORDER |

On November 29, 2019, Plaintiff Angela Woirhaye slipped and fell in the Natural Grocers parking lot in Helena. Natural Grocers is a grocery store that is wholly owned by Vitamin Cottage. (Doc. 7.) She alleges Defendant Vitamin Cottage Natural Foods Markets, Inc.'s ("Vitamin Cottage") negligence, specifically ice build-up around the entrance to the store that it failed to clear, caused her to fall.

On March 8, 2023, Woirhaye subpoenaed Liberty Mutual Casualty and Fire Insurance Company ("Liberty Mutual"), a non-party but Vitamin Cottage's insurer, for the "complete claims file" related to Woirhaye's fall. (*See* Doc. 26.)

On March 16, 2023, Vitamin Cottage moved to quash Woirhaye's non-party subpoena. (Doc. 24.) A hearing was held on April 5, 2023. The following day,

1

Vitamin Cottage filed a notice stating: "Liberty Mutual Fire Insurance Company has produced the claim file requested in the subpoena at issue in Defendant's Motion to Quash Plaintiff's Subpoena to Liberty Mutual." (Doc. 40.) Although the material requested by the subpoena has allegedly been produced by Liberty Mutual, Vitamin Cottage's motion was briefed and argued, fees incurred, and a determination on the motion is still required. Because Vitamin Cottage does not have standing to quash a non-party subpoena under Rule 45 of the Federal Rules of Civil Procedure, the motion is denied and fees awarded to Woirhaye.

## ANALYSIS

Vitamin Cottage cannot clear the jurisdictional hurdle of standing because it has not demonstrated that it has any privilege in protecting the subpoenaed material and has produced no fact or evidence showing how its interests are implicated. Courts in the Ninth Circuit have found that the party moving to quash a non-party subpoena has the burden of persuasion and here Vitamin Cottage fails. *See Perry v. Bloomberg*, 2015 WL 3542773, at *4 (D. Or. June 4, 2015).

A party has the standing to quash a non-party subpoena if it can demonstrate "some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973–74 (C.D. Cal. 2010); *see also In re Telescopes Antitrust Litig.*, 2023 WL 2396780, at *1 (N.D. Cal. Mar. 7, 2023). Because Vitamin Cottage fails to meet its burden of persuasion that it has

2

any interest in the materials sought in Woirhaye's subpoena on Liberty Mutual, it does not have standing to make this motion.

### A.   Attorney-Client Privilege

"The attorney-client privilege protects confidential communications between an attorney and client." *Draggin' y Cattle Co., Inc. v. Addink*, 312 P.3d 451, 459 (Mont. 2013) (citing Mont. Code Ann. § 26–1–803). Vitamin Cottage has not shown that there is any material in the Liberty Mutual claim file that was made with any connection to this litigation or for the purpose of obtaining legal advice. The attorney-client privilege does not afford Vitamin Cottage standing to move to quash this non-party subpoena.

### B.   Work Product

Work product privilege protects communications as well as documents and tangible things "prepared by a party or [its] representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (internal quotation marks omitted). The rule governing work product in Montana is "identical to its federal counterpart." *Draggin' y Cattle Co., Inc.*, 312 P.2d at 460. To determine whether material is prepared in anticipation of litigation, courts consider "the nature of the document and factual situation in a particular case." *Id.*

While in some circumstances the "work-product protection applies from the time a claim file is opened," *Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d

3

895, 909–910 (Mont. 1993) (citing *Kuiper v. Dist. Ct. of Eighth Jud. Dist.*, 632 P.2d 694, 701 (D. Mont 1981), it does not "extend . . . to situations where an insurance company claim file had been opened but no attorney was yet involved," *Draggin' y Cattle Co., Inc.*, 312 P.2d at 460–61. The *Draggin* Court explained that a determination of whether material is work product compels the litigant claiming the privilege to "demonstrate that documents were created with a specific claim supported by concrete facts which would likely lead to litigation in mind, not merely assembled in the ordinary course of business or for other nonlitigation purposes." *Id.* at 461–62.

Vitamin Cottage has not made this demonstration. Vitamin Cottage generally claims that it has standing to assert the work product privilege regarding material in the claim file, including mental impressions of the Liberty Mutual's insurance adjuster. However, it has not met its burden of showing which concrete facts support that claim nor why it, rather than Liberty Mutual, can make this assertion.

Vitamin Cottage further argues that there is no way to determine what is in an insurance company's claim file and therefore it cannot know what material therein could be work product. This argument is not well taken. At the April 5, 2023 hearing, counsel for Vitamin Cottage described the collection of materials he knew to be in that file. Additionally, the Montana Supreme Court, in cases cited

by both parties, discusses insurance "*claim files*" ad nauseum, assuming at least a generalized understanding of what one is and what it includes. *See Palmer by Diacon*, 861 P.2d at 910; *Draggin' y Cattle*, 312 P.3d at 462.

Because Vitamin Cottage has not met its burden, the work product privilege does not provide Vitamin Cottage standing to move to quash Woirhaye's subpoena.

## CONCLUSION

For the reasons discussed above,

IT IS ORDERED that Vitamin Cottage's motion to quash the non-party subpoena (Doc. 24) is DENIED.

IT IS FURTHER ORDERED that Vitamin Cottage must pay Woirhaye's fees and costs associated with this motion in the requested amount of $ 6,615.00. (*See* Doc. 36.)

DATED this 6th day of April, 2023.

Donald W. Molloy, District Judge
United States District Court